[Civil No. 1271. Filed October 25, 1912.]

[127 Pac. 717.]

X. N. STEEVES, Appellant, v. C. B. WILSON, Appellee.

COUNTIES—OFFICERS—QUALIFICATIONS — CONSTITUTIONAL PROVISIONS.—
Under constitution, article 7, section 2, prescribing the qualifications of an elector, and section 15 requiring every officer to be a qualified elector of the county to hold office in the county, a qualified elector of the county under the constitution is eligible to hold a county office, though he does not possess the qualifications prescribed by

the enabling act (Act June 20, 1910, c. 310, 36 Stat. 557), which, in prescribing qualifications to hold office, is superseded by the constitution.

APPEAL from a judgment of the Superior Court of the County of Coconino. F. W. Perkins, Judge. Affirmed.

The facts are stated in the opinion.

Mr. X. N. Steeves, in *pro. per.*

Mr. E. M. Doe, for Appellee.

CUNNINGHAM, J.—The appellant was the Democratic candidate for county attorney of Coconino county, and appellee was the Republican candidate for that office, to be filled at the December 12, 1911, election. The canvassing board determined that the appellee had received at that election for county attorney the highest number of votes cast thereat for that office, and accordingly issued to appellee a certificate of election. The appellant instituted a contest in its nature to try appellee's title to the office, alleging, in substance, that appellee at the time of his election was not eligible to the office of county attorney of Coconino county, because appellee was not an elector of the county in which the duties of the office were and are to be exercised, which appellee denied. The cause was tried by the court upon an agreed statement of facts, wherein it was stipulated that the name of appellee was not upon the great register of Coconino county at any time prior to October 6, 1910, at which date he was duly and regularly registered.

The court held that appellee was eligible to the office. The appellant assigns error, and insists that because under the enabling act, approved June 20, 1910 [Act June 20, 1910, c. 310, 36 Stat. 557], the appellee's name was not on the great register, and that, therefore, appellee was not a qualified elector at the election under the enabling act for delegates to the constitutional convention, and by the terms of such act he was debarred from voting at the election upon the adoption of the constitution held February 9, 1911; and at the further election held on December 12, 1911, at the second adoption of the constitution, and the election of county officers provided

by the constitution, that he was not an elector of Coconino county, and therefore and for that reason he was not eligible to the office.   If the appellee was "duly and regularly enrolled upon the great register on October 6, 1910," for the first time in Coconino county, he was debarred from voting at all elections provided by the enabling act, by the express terms of that enactment, even though, as this case illustrates, he was in every respect duly qualified to vote at any other election that may have been authorized.   Until February 14, 1912, the office of county attorney had no existence, and then such office existed under the constitution which went into effect on that date.   Section 15 of article 7 of the constitution requires every officer "shall be a qualified elector" of the county to hold office in a county.   In order to be a qualified elector, section 2, article 7, of the constitution, requires that such person shall be "a male citizen of the United States of the age of twenty-one years, or over, and shall have resided in the state one year immediately preceding such election."   We nowhere find in the law a requirement that, in order to be eligible to hold an office, a person must vote at the election held to fill the office. It is not one of the requirements of the constitution that, in order for a citizen to be eligible to hold an office provided for in the constitution, such person is required to be a qualified elector under the enabling act.   The enabling act made no qualifications for officers provided by the constitution, and, if such qualifications should have been specified the requirement would have become ineffective on February 14, 1912, as in conflict with the constitution of the United States.   *Coyle v. Smith*, 221 U. S. 559, 55 L. Ed. 853, 31 Sup. Ct. Rep. 688. The contestee's eligibility to hold that office depends upon the constitution and laws of the state of Arizona, becoming effective February 14, 1912.   If contestee was a qualified elector of the county of Coconino on that date, he was eligible to the office, and, without question, he was such elector on that date and entitled to vote at any election except the ones above mentioned.   He, having received the highest number of votes for the office, was elected thereto.   The other complaints made by the appellant are not tenable.

We find no reversible error in the record.   Therefore the judgment is affirmed.

ROSS, J., concurs.

FRANKLIN, C. J.—I concur in the judgment of affirmance, but deem it proper to state my reasons therefor.

At the election for representative in Congress and for state and county officers held on the twelfth day of December, 1911, C. B. Wilson, the contestee herein, received the highest number of votes, and X. N. Steeves, the contestant, received the second highest number of votes for the office of county attorney of Coconino county, an office provided for by the constitution of Arizona. The contestee and contestant were the only candidates voted for at said election for that office. In due course the contestee received his certificate of election, and has since been discharging the duties of the office. The contest is based upon the sole ground of the ineligibility of the contestee to hold the office; his asserted disqualification being that he was not upon the great register, and was not qualified to vote at any of the elections specified in the enabling act providing for the formation of a constitution and state government and admission into the Union of Arizona. It appears that upon the sixth day of October, 1910, the contestee was duly and regularly registered and enrolled upon the great register of Coconino county, being a male citizen of the United States, and on the twelfth day of December, 1911—the date of the election at which he received the highest number of votes for the office of county attorney, he was above the age of twenty-one years, and was on and before that time able to read the constitution of the United States in the English language in such manner as to show that he was neither prompted nor reciting from memory, and that he was on and before said election able to write his name. It also appears that he had been a *bona fide* resident and resided in the territory (now state) of Arizona continuously since the first day of October, 1909, and has resided in and been a *bona fide* resident of the county of Coconino, in said territory (now state), since the fourth day of May, 1910.

It will be seen from the foregoing that the contestee was in every respect a qualified elector of the territory of Arizona, but that he was not qualified to vote at the particular elections specified in the enabling act, to wit, the elections for delegates to the constitutional convention, members of the state legislature, representatives in Congress, and all other officers provided for in the constitution. In the enabling act, section 19,

it is, in substance, provided that the qualified electors of the territory of Arizona are authorized to vote for and choose delegates to form a constitutional convention for said territory for the purpose of framing a constitution for the proposed state of Arizona. That a qualified elector within the meaning of this section shall be any male citizen of the United States of the age of twenty-one years who shall have resided in the territory at least twelve months next preceding the date fixed for the election of delegates to the constitutional convention, and who shall possess in other respects the qualifications of an elector as provided by title 20, Revised Statutes of Arizona, August 2, 1901, and that the right to vote at any of the elections specifically enumerated in the act was limited to those who were qualified to vote, and were upon the great register as constituted by the provisions of the act, at the election for choosing delegates to the constitutional convention held on September 12, 1910. The position of the contestant is that, the contestee not being qualified to vote for delegates to the constitutional convention, and not being upon the great register as constituted by the enabling act, and thereby under its terms being prohibited from voting at the subsequent elections therein provided for, he is not a qualified elector within the terms of the enabling act, and therefore not qualified to hold office in the state of Arizona. If such a contention be upheld, it would indeed be placing very narrow restrictions upon the right to hold office. If the right to hold office be restricted to those who were qualified to vote for delegates to the constitutional convention, under the terms of the enabling act, it will not be many years when, by reason of deaths and removals from the state and other like events occurring, there will be comparatively few of such favored persons left, and it is within the range of vision when no one at all would be so qualified. The enabling act provides that "all laws of said territory in force at the time of its admission into the Union shall be in force in said state, until changed by the legislature of said state, *except as modified or changed by this act,* or by the constitution of the state."

The constitution provides in article 22, section 2, that "all the laws of the territory of Arizona now in force not repugnant to this constitution, shall remain in force as laws of the state of Arizona until they expire by their own limitations, or are al-

tered or repealed by law. Provided that whenever the word territory, meaning the territory of Arizona, appears in said laws, the word state shall be substituted.''

The qualifications for holding office in the state are prescribed in the general provision affecting every office found in article 7, section 15, of the constitution, as follows: ''Every male person elected or appointed to any office of trust or profit under the authority of the state or of any political division of the state, or any male deputy of such officer, shall be a qualified elector of the political division in which said person shall be elected or appointed.''

The record shows that at the time of his election the contestee possessed the qualifications prescribed by the laws of the territory of Arizona, and is within those prescribed by the constitution of the state for holding office in the state under the constitution. The important departure made by the terms of the enabling act from the general election laws of the territory is that, in order to vote at any of the elections therein named, the person must be on the great register as constituted by the federal statute and qualified to vote on September 12, 1910, for delegates to the constitutional convention. Though he may otherwise possess all the qualifications requisite to entitle him to vote under the laws of the territory, nevertheless, if he was not entitled to vote for delegates to the constitutional convention, he was prohibited from voting at any of the other elections therein named.

I am firmly persuaded that the qualifications of an elector, within the meaning of the term as affecting the case before this court, are those prescribed by the laws of Arizona and the constitution of the state, and that the enabling act merely prescribed additional qualifications to those in force in the territory of Arizona for the particular elections for the ratification or rejection of the constitution and for the election of representative in Congress and state and county officers therein specially provided for; the limitation being that no elector was permitted to vote at the election for the ratification or rejection of the constitution, or at such other elections, unless he was upon the great register as constituted by the enabling act and qualified to vote for delegates to the constitutional convention on September 12, 1910. The fact that contestee, by the terms of the enabling act, was prohibited

from voting at any of these elections, does not in my opinion disqualify him from holding the office of county attorney of Coconino county, Arizona, to which office he was elected by the votes of that county, he being otherwise a qualified elector of the state and county under the constitution and laws of Arizona.

The judgment should be affirmed.